IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,         No   C 06-3537 VRW
                                             CR 00-0363 VRW
     v

SEAN ANDRE BEATTIE,                    ORDER

        Defendant.

_____/

        On May 14, 2007, the court granted defendant Sean Andre Beattie's motion to reconsider (Doc #559) and gave defendant thirty days to establish the timeliness of his § 2255 motion. Doc #560. After defendant wrote to the court that he had not received the May 14 order due to his transfer to another prison, defendant was given additional time to respond to the May 14 order. Doc #563. Given that defendant's 2255 motion was not filed until one day after the end of the limitations period, the order required defendant to adduce evidence that either the doctrine of equitable tolling or the "prisoner mailbox rule" applied to his situation. Id.

Defendant's § 2255 motion is signed May 31, 2006 and bears the file-stamp of the clerk's office dated June 1, 2006. Doc #555. As noted in the May 14 order, it was "not accompanied by a proof of service, post-marked envelope or other document explaining the manner in which it reached the clerk's office in San Francisco one day after being signed at Terminal Island." Doc #560. In response, defendant has filed a declaration stating that, because the mail system at Terminal Island had proven unreliable, he "had [his] wife mail the writ" for him. Doc #564. Defendant's wife, Patricia Beattie, has also submitted a declaration to the same effect, stating that defendant gave her the writ petition to mail for him and that she "mailed the writ a day or two before it was due." C 06-3537, Patricia Beattie, Doc # 7.

Neither declaration addresses the court's question —— i e, how the petition could have been signed on May 31, 2006 in Terminal Island and filed the next day in San Francisco. If defendant in fact signed the petition on May 31, 2006 and Patricia Beattie mailed it as she states, she could only have done so, at the earliest, on the same date —— May 31, 2006. In that event, it could plausibly have arrived at the courthouse on June 1, 2006, the day it was file-stamped at the court. But it is the policy of the court to attach and file with the corresponding documents the envelope for court documents submitted for filing by incarcerated defendants. Patricia Beattie's assertion that she mailed the petition "a day or two before the deadline" is difficult to square with the evidence in the file. But that discrepancy, although troubling, is not material to the court's disposition.

\\

**2**

Defendant has not shown that he is entitled to relief from the one-year limitation period. The prisoner mailbox rule requires that: 1) the defendant be litigating pro se and 2) the defendant have delivered his petition to prison authorities for forwarding to the court within the limitations period. Stillman v Lamarque, 319 F3d 1199, 1202 (9th Cir 2003). Although Beattie meets the first requirement, he does not meet the second. He states that he submitted the documents to his wife for mailing, not to any prison authorities. The prisoner mailbox rule does not apply when mail is entrusted to family members; it is limited to prison authorities.

Defendant has not invoked the doctrine of equitable tolling, the only other basis on which he could seek relief from the one-year limitations period. To show that equitable tolling applies, a petitioner bears the burden of establishing two elements: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. See, e g, Pace v DiGuglielmo, 544 US 408, 418 (2005) (internal citations omitted). The courts apply the "extraordinary" standard strictly. See, e g, United States v Van Poyck, 980 F Supp 1108 (CD Cal 1997) (Haut, J) (defendant's inability to secure transcripts and four general lockdowns at prison lasting several days and eliminating access to the law library did not constitute extraordinary circumstances for purposes of tolling the § 2255 one-year limitations period). Defendant has met neither prong of the test. His declaration states that he "knew the writ deadline was coming up," (Doc #564) yet fails to offer any legally sufficient reason —— or any reason —— for his failure to submit a timely petition.

3

For these reasons, the court reaffirms its January 4, 2007 determination, Doc #557, that the petition is untimely. Defendant's § 2255 petition is dismissed.  The clerk is directed to close file number C 06-3537.


          **IT IS SO ORDERED.**

          *[signature]*

**VAUGHN R WALKER**
United States District Chief Judge